DANIEL S. WILSON *vs.* H. O. ROBB, Incorporated.

Suffolk.     November 18, 1921. — March 1, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Agency*, Agent's commission.    *Evidence*, Presumptions and burden of proof.

At the trial of an action of contract against a corporation for a commission of $5 per share alleged to have been earned by the plaintiff in the sale for the defendant of shares of the capital stock of another corporation, there was evidence tending to show that the plaintiff was employed by the defendant to sell the stock upon the deferred payment plan; that the general arrangement of the defendant was that a salesman was to get no commission upon a sale unless a minimum payment of $15 per share was made by the purchaser; that the plaintiff's contract of employment was oral; that commissions had been paid by the defendant upon some sales where less than $15 per share had been paid in; that the defendant's president and treasurer had stated to the plaintiff that "other arrangements with reference to said initial payment were made subject to" his "say-so," and that the plaintiff "never was instructed that it was necessary for him to wait until a minimum payment of $15 per share had been made before he received his commission." The plaintiff procured a customer with whom the defendant first made a contract of sale of two hundred shares at $65 per share, receiving an initial payment of $3,000 and paying the plaintiff $1,000. Thereafter the customer agreed to purchase three hundred additional shares, which was incorporated in the original contract, the result being one contract for the sale of five hundred shares at $65 per share, with an initial payment by the customer of $3,000 and a promissory note for $29,500. Upon the plaintiff contending to the president and treasurer of the defendant that the customer's note was payment and that he was entitled to his full commission, the president and treasurer said that the plaintiff would "get the cash," but refused to pay him at that time. The contract with the customer was cancelled later. *Held*, that there was evidence warranting a finding for the plaintiff.

---

CONTRACT with a declaration upon an account annexed for $1,728, "commission on sale of stock." Writ dated July 28, 1920.

In the Superior Court the action was tried before *Fox*, J. Material evidence is described in the opinion. The judge refused a request by the defendant "to take the case from the jury upon the ground that it was entitled to a ruling in its favor as a matter of law." The jury found for the plaintiff in the sum of $1,526; and the defendant alleged exceptions, which, after the resignation of *Fox*, J., were allowed by *Sanderson*, J.

The case was submitted on briefs.

*T. I. Hogan & J. P. Leahy*, for the defendant.

*J. G. Bryer*, for the plaintiff.

DE COURCY, J. The defendant company was engaged in the sale of capital stock of the Finance Corporation of New England, selling mainly to small investors, upon the deferred payment plan. The plaintiff was employed by the defendant as a salesman, under an oral contract. He consummated a sale to one McTarnahan of two hundred shares of the Finance Corporation stock; the purchaser paid the defendant $3,000 on account of the same; and the plaintiff received his commission of $5 per share. Afterward McTarnahan agreed to purchase three hundred additional shares; and this was incorporated with his original contract. The result was one contract for five hundred shares, at $65 per share, with an initial payment of $3,000, and a promissory note of $29,500. No other payment was made, and the contract was cancelled later, but without the knowledge of the plaintiff. This action was brought to recover a commission of $5 per share on the sale of five hundred shares; with a credit for said $1,000 received by the plaintiff. A verdict was rendered in his favor; and the only question raised by the defendant's exceptions is whether there was evidence to warrant it

The general arrangement was that a salesman was to get no commission unless a minimum payment of $15 per share was made by the purchaser. There was evidence, however, that some sales were made with initial payments less than $15 per share, and that commissions were paid on these contracts before $15 was fully paid in. The plaintiff also testified, in substance, that in the verbal contract of employment between him and Mr. Robb, the defendant's president and treasurer, it was agreed that "other

arrangements with reference to said initial payment were made subject to Mr. Robb's say-so," and that "he never was instructed that it was necessary for him to wait until a minimum payment of $15 per share had been made before he received his commission." He also testified that when he insisted that the note for $29,500 constituted payment, that Mr. Robb said he (the plaintiff) would "get the cash," but refused to pay him at that time. This as well as other like testimony of the plaintiff was contradicted by the witnesses for the defendant; but it entitled him to go to the jury; and, if believed, warranted a verdict in his favor.

*Exceptions overruled.*